UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLENE A. GILKERSON,

       Plaintiff,

v.                                      Case No. 1:10-cv-1261
                                        Hon. Janet T. Neff

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI).

       Plaintiff was born on October 30, 1965 (AR 175).[1] She is a high school graduate (AR 65, 185). Plaintiff alleged a disability onset date of November 30, 1994 (AR 175). She had previous employment as a cashier, machine operator, line cook, house cleaner and janitor (AR 29, 66, 181, 210-17). Plaintiff identified her disabling conditions as nerve injuries and chronic pain syndrome, which result in trouble standing, sitting, sleeping and using her arms (AR 180).

       On July 17, 2009, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* (AR 10-16). In this decision, the ALJ noted that plaintiff filed previous applications for DIB on November 15, 1999 and May 31, 2005 (AR 10). The 1999 application was denied based upon a finding that plaintiff retained the capacity for substantial gainful activity as of the date she met the

---

[1] Citations to the administrative record will be referenced as (AR "page #").

disability insured status (AR 10).  The May 2005 application was denied because plaintiff did not meet the disability insured status requirements as of the date plaintiff alleged that she became disabled (AR 10).  Based on this history, the ALJ stated at the outset of his decision that plaintiff's application for DIB was subject to dismissal:

> Consequently, a previous determination has been made on the claimant's rights on the same facts and issues that are presented in this claim and that determination became final by administrative action when the claimant failed to file a timely appeal. Therefore, the issues presented in this case are res judicata and the matter is dismissed.

(AR 10).

In apparent recognition of this problem with the application for DIB, plaintiff's attorney sought to have the ALJ review a contemplated, yet unfiled, application for SSI.  The ALJ addressed the SSI issue as follows:

> The claimant's representative has asked that I escalate a claim for supplemental security income to the hearing level.  However, Social Security Administration records indicate that there is no claim for SSI pending at this time. Without a pending claim, there is nothing to escalate.

(AR 10). The ALJ then performed a brief review of plaintiff's application for DIB and denied benefits (AR 10-16).  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Secretary of Health & Human Servs.*,

25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that she suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment

>meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

**II. ALJ'S DECISION**

Plaintiff's claim failed at the fourth step. At step one, the ALJ found that plaintiff did not engage in substantial gainful activity from her alleged onset date of November 30, 1994 through her date last insured of September 30, 1997 (AR 13). In this regard, the ALJ noted that plaintiff worked after the alleged disability onset date, but that this work activity did not rise to the level of

substantial gainful activity (AR 13). At step two, the ALJ found that through the date last insured, plaintiff had a severe impairments of regional pain syndrome involving the right upper extremity (AR 13). The ALJ also stated that plaintiff "subsequently may have developed post-traumatic stress disorder following an assault that occurred in 2002" (AR 13). At step three, the ALJ found that through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1, specifically Listing 12.06 (Anxiety Related Disorders) (AR 13-14).

The ALJ decided at the fourth step that through the date last insured (September 30, 1997), plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), except:

> she has been limited to the performance of simple, unskilled light work; with occasional overhead work bilaterally; no work around unprotected height, around dangerous moving machinery or open flames and bodies of water, and is limited to no public contact work, no more than superficial contact with supervisors and coworkers.

(AR 14). The ALJ further found that plaintiff was capable of performing her past relevant work as a janitor or cleaner, work which did not require the performance of work-related activities precluded by her RFC (AR 15).

Based on these findings, the ALJ reached the following decision:

> A previous determination has been made on the claimant's rights on the same facts and issues that are presented in this claim and that determination became final by administrative action when the claimant failed to file a timely appeal. Therefore, the issues raised by the claimant's request for hearing filed September 2, 2006 are res judicata and the matter is dismissed.

> In the alternative, based on the application for a period of disability and disability insurance benefits filed on June 28, 2006, the claimant was not disabled under sections 216(i) and 223(d) of the Social Security Act through September 30, 1997m the date last insured.

(AR 16).

### III. ANALYSIS

Plaintiff does not contest the decision denying her application for DIB. Rather, plaintiff contests the ALJ's failure to address her application for SSI.

### A.     The claimant was denied a full and fair hearing on her claim  for supplemental security income benefits.

Plaintiff contends that the ALJ denied her a full and fair hearing on her application for SSI. By way of background, plaintiff's administrative hearing on her application for DIB was originally scheduled for February 11, 2009. It is uncontested that plaintiff did not file an application for SSI prior to this date. On December 23, 2008, several weeks prior to this hearing, plaintiff's counsel filed a "Request to escalate Title XVI claim to hearings level and offer to amend alleged onset date of disability" (AR 1062). Plaintiff's counsel did not cite any legal authority in support of her request to have the ALJ review a contemplated, yet unfiled, application for SSI. Plaintiff failed to appear at the administrative hearing scheduled for February 11, 2009 (AR 75-78). The ALJ agreed to postpone the hearing to a later date (AR 77-78).

The hearing resumed approximately four months later on June 15, 2009 (AR 21-74). However, plaintiff had still not filed an application for SSI (AR 23-26). Given this discrepancy, the ALJ agreed to hear evidence on the SSI claim (i.e., evidence of plaintiff's condition since her last insured date of September 30, 1997), but advised plaintiff and her counsel that the only application being decided on the current record was her application for DIB.

> I'll go ahead and hear this case as if we can hear it -- an SSI case today. The problem is, as far as I see, I've only got a Title XVI [sic][2]. That means an insurance claim now. And an insurance claim is a little bit different, especially in your case, because your date last insured is 1997.
>
>                                     \*      \*      \*
>
> Now -- and you've had some stuff that's happened to you since then that might affect your current disability. But I'll hear it all, but I can't consider a Title XVI. And the reason is because the evidence in your file, Title XVI, the local office will take detailed statements as to your assets in house. If they find that there's too much assets or income, then they don't send the claim along. I never hear it on a disability basis, because they say the earnings hasn't [sic] been made. SO that's the issue. I don't see it here right now. Let me see if I've got something. It's got a little query that sometimes they -- SSI applied denial of SSI, dated 8/30/02, or capacity for SGA, Title XVI. I [sic] was denied for medical reasons. But I don't have SSI, a current SSI. You filed back in '02, for SSI. Let's consider both things.. But it's a different type of claim. So it's important -- denial of 8/30/04, for SSI. Okay. <u>We'll go ahead and -- it's a Disability Claim only right now, but if you do file and they accept it, we'll talk about everything</u>.
>
>                                     \*      \*      \*
>
> . . . Anyway, so we're going to hear the case whatever you've got to say, and we'll just look at it. Counsel, just look at that stuff, and then get me some kind of idea, a brief or something, how to get around it. I'll listen to whatever you have to say. But there is an issue in this. There's a res judicata issue, and then there's an issue on the SSI. And my understanding is what we're talking about basically is what your condition is now. Right? Okay. . . I'm going to talk to you guys, try and hear your case, and, you know, at the end counsel will take some time to look through the file and see what we can do on the case technically. But I'll try and take all the evidence in this case, and we'll check it. Because right now it looks like the Title II claim is barred by lapse of time, and the Title XVI case isn't -- hasn't been filed, or isn't before me. That's what it looks like. But maybe we can get it technically speaking. Okay.

(AR 25-27) (emphasis added). The ALJ agreed to plaintiff's request to file a brief with additional medical records from 1996 to the present date (AR 28).

---

[2] The court notes that the ALJ may have misstated "Title XVI" (the Title authorizing for SSI) for "Title II" (the Title authorizing DIB).

7

After hearing testimony about plaintiff's limitations since her last insured date of September 30, 1997 (including plaintiff's injuries sustained in an assault in 2002) the ALJ revisited the procedural issues of res judicata on the DIB claim and his inability to review a non-existent application for SSI:

> The first thing I've got to do is get to a point where I can think about it. Right now I can't even think about these things, because your date, that's already passed, and there was a decision denying it. And it wasn't appealed. The second thing is, you don't have current applications, which would allow you SSI. So neither one of those is procedural [sic] before me, or I'm in a position where I can make a decision on the merits. But in the meantime, counsel, the brief, and then can maybe be able to move around this [sic].

(AR 73-74).

The ALJ issued his decision denying benefits on July 17, 2009 (AR 10-16). Apparently unbeknownst to the ALJ, plaintiff filed an application for SSI on or about July 2, 2009. *See* Application for SSI (docket no. 17-2). In this regard, defendant has presented the declaration of Patrick J. Herbst, Chief of the Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, stating that plaintiff filed a Title XVI claim for SSI in June 2009. *See* Herbst Declaration at ¶ 2(docket no. 20-1). On September 30, 2009 (while plaintiff's 2009 SSI application was under initial consideration by the agency), plaintiff's counsel sought review of the ALJ's decision from the Appeals Council (AR 289-91). It is noteworthy that while plaintiff's brief addressed alleged errors in the ALJ's decision regarding the denial of her application for DIB, plaintiff did not raise any issues related to her pending application for SSI (AR 289-91). Plaintiff's application for SSI was denied on December 10, 2009. *See* Herbst Declaration at ¶ 2. There is no record that plaintiff

contested the denial of the application. *Id.* Finally, on October 18, 2010, the Appeals Council denied plaintiff's request to review the ALJ's decision denying DIB (AR 1-3).

Based on this chronology, plaintiff contends the ALJ denied her a fair hearing on her SSI application filed in either June or July, 2009. The court disagrees. On the contrary, plaintiff and her counsel were put on notice by a very cooperative ALJ that the ALJ was only reviewing the DIB claim and had no jurisdiction to review her non-existent SSI application. Plaintiff speculates that the ALJ could have continued the case under 20 C.F.R. § 416.1444, which provides as follows:

> A hearing is open to the parties and to other persons the administrative law judge considers necessary and proper. At the hearing the administrative law judge looks fully into the issues, questions you and the other witnesses, and accepts as evidence any documents that are material to the issues. The administrative law judge may stop the hearing temporarily and continue it at a later date if he or she believes that there is material evidence missing at the hearing. The administrative law judge may also reopen the hearing at any time before he or she mails a notice of the decision in order to receive new and material evidence. The administrative law judge may decide when the evidence will be presented and when the issues will be discussed.

20 C.F.R. § 416.1444. Plaintiff does not explain how this provision authorized the ALJ to continue the hearing on her application for DIB (which involved her condition on or before September 30, 1997), for the purpose of allowing her to file a separate application for SSI (which involved her current condition in the summer of 2009). Similarly, plaintiff also raises but does not explain how HALLEX I-2-6-80 ("Continued and Supplemental Hearing")[3] of the agency's procedural manual applies to the circumstances of her case, and it does not appear to because it pertains to adjournments. No adjournment was sought here.

---

[3] HALLEX refers to the Agency's Office of Hearing and Appeals; *Hearings, Appeals and Litigation Law Manual*. *See generally*, *Bowie v. Commissioner of Social Security*, 539 F.3d 395, 397 (6th Cir. 2008).

There was some type of mis-communication, since it appears that the SSI application was filed before the ALJ issued his decision on July 17, 2009, but the ALJ did not reference the SSI application in the decision. In this regard, plaintiff's counsel took no affirmative steps to have the ALJ address the application for SSI claim. As previously discussed, plaintiff's counsel did not even raise the issue regarding the SSI application with the Appeals Council. Rather, it appears that plaintiff and her counsel treated the application for SSI as a separate claim.

Plaintiff correctly observes that Social Security proceedings are inquisitorial, *see Sims v. Apfel*, 530 U.S. 103, 110-111 (2000) ("Social Security proceedings are inquisitorial rather than adversarial[;] [i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits"), and that the Social Security Act is a remedial statute which must be liberally applied, *see Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 531 (6th Cir. 1992). However, plaintiff has not established that the ALJ denied her a full and fair hearing based on these general considerations. Plaintiff attempted to bypass the agency's procedures for filing an application for SSI by seeking a premature ruling on the issue by the ALJ. The ALJ declined to do so, apparently without knowledge that plaintiff had filed an application for SSI shortly before he issued his decision. Plaintiff did not contest this omission in seeking review of the ALJ's decision from the Appeals Council. It appears that plaintiff treated her SSI application as a separate matter. The agency reviewed plaintiff's application for SSI and denied it December 2009. Plaintiff took no action to appeal the denial of the application after that date. Under these circumstances, the ALJ's July 17, 2009 decision did not deny plaintiff a full and fair hearing on her application for SSI.

### B. The outcome of claimant's disability determination may have been different had the ALJ reviewed the case as to supplemental security income.

Plaintiff contends that her disability determination might have been different if the ALJ had reviewed her application for SSI. Plaintiff's contention is without merit. As previously discussed, plaintiff's application for SSI was not filed until after the administrative hearing, and it was not denied by the agency until about five months after the ALJ issued his decision. Any discussion of how the ALJ might have handled the SSI application prior to July 17, 2009, when it had not yet been denied by the agency in the first instance, is purely speculative. More to the point, plaintiff had an opportunity to seek a separate administrative review of her application for SSI after it was denied in December 2009, but she did not seek an administrative review at that time. Accordingly, plaintiff's claim of error should be denied.

### IV. Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be **AFFIRMED**.

Dated: January 17, 2012                           /s/ Hugh W. Brenneman, Jr.
                                                  HUGH W. BRENNEMAN, JR.
                                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).